**SO ORDERED.**

**SIGNED this 23 day of August, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| MERCER'S ENTERPRISES, INC., | Case No. 04-09168-8-JRL |
| Debtor. | Chapter 11 |

_____

| | |
|---|---|
| MERCER'S ENTERPRISES, INC., | |
| Plaintiff, | |
| v. | Adversary Proceeding No. 06-00106-8-AP |
| SEASCAPE AT WRIGHTSVILLE BEACH, LLC, | |
| Defendant. | |

_____

<u>ORDER</u>

This case is before the court on the motion to dismiss, motion to abstain, motion in limine, and motion to strike filed by Seascape at Wrightsville Beach, LLC ("Seascape"). On July 17, 2006, the court

conducted a hearing on these matters in Wilmington, North Carolina.

On November 24, 2004, the debtor filed a Chapter 11 case. On April 18, 2005, the debtor and Seacape executed a contract for the sale of certain real property located at Wrightsville Beach, North Carolina. With the permission of the court, the parties amended the contract on May 12, 2005. The court entered a series of orders in this case on April 28, 2005, June 28, 2005, July 29, 2005, and August 5, 2005 enabling the debtor to sell the subject property. On August 29, 2005, the debtor conveyed the property to Seascape by a general warranty deed recorded in New Hanover County. On September 26, 2005, the court confirmed the Chapter 11 plan. On December 22, 2005, the court entered a final decree stating that the debtor had substantially consummated its Chapter 11 plan as provided in 11 U.S.C. § 1101(2). On May 26, 2006, after disputing with Seascape over the rights of the parties pursuant to the terms of the sale, the debtor moved to reopen the Chapter 11 case to file the subject adversary proceeding against Seascape. On May 31, 2006, the court reopened the case.

The debtor filed its complaint against Seascape on June 7, 2006. The debtor is engaged in the operation of a fishing pier known as Johnny Mercer's Pier. The debtor asserts that, pursuant to the contract and warranty deed, it sold real property at Wrightsville Beach while retaining certain assets, including the fishing pier. The debtor asserts that the contract and warranty deed include reservations of right, such as an easement for the debtor's operation of the pier and the required cooperation of Seascape regarding the debtor's business. The debtor contends that, prior to the sale closing, the debtor attempted to negotiate a "services agreement" regarding certain aspects of its operation of business; however, no services agreement was ever formalized. The debtor seeks this court to determine the parties' rights under the contract, enjoin Seascape from certain actions, and require Seascape to enter into a services agreement

2

with the debtor.

The court will first address Seascape's motion to dismiss. Seascape asserts that this court has neither post-confirmation jurisdiction under 28 U.S.C. § 1334(b) nor post-confirmation authority under 11 U.S.C. § 1142 to hear and determine the matters raised in this adversary proceeding at this stage of the Chapter 11 case.

The district courts have original but not exclusive jurisdiction of all civil proceedings "arising under title 11, or arising in or related to a case under title 11." 28 U.S.C. § 1334(b). A district court may refer these proceedings to a bankruptcy court. 28 U.S.C. § 157(a). The District Court for the Eastern District of North Carolina entered its General Order of Reference on August 3, 1984. A bankruptcy court can hear and determine core proceedings "arising under" title 11 or "arising in" a case under title 11. 28 U.S.C. § 157(b)(1). A bankruptcy court can also hear a proceeding that is "related to" a case under title 11, and it may make determinations in a proceeding "related to" a case under title 11 with the consent of the parties. 28 U.S.C. § 157(c)(1)-(2).

"A case 'arises under' title 11 if it invokes a substantive right provided by title 11." Stoe v. Flaherty, 436 F.3d 209, 216 (3d. Cir. 2006). "Arising under" jurisdiction is analogous to original jurisdiction under 28 U.S.C. § 1331. Id.; In re Poplar Run Five Ltd. P'ship, 192 B.R. 848, 855 (Bankr. E.D.Va. 1995). Thus, it extends to "only those cases in which a well-pleaded complaint establishes either that federal [bankruptcy] law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [bankruptcy] law." Poplar Run, 192 B.R. at 855 (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). In the subject complaint, the debtor requests the court to interpret the sale contract and deed, which interpretation is

3

purely a matter of state contract law. Accordingly, the court finds no "arising under" jurisdiction. *See* Poplar Run, 192 B.R. at 856 (finding no "arising under" jurisdiction where the debtor raised claims under state law of breach of contract and unjust enrichment).

"Proceedings 'arise in' a bankruptcy case if they have no existence outside of the bankruptcy." Stoe, 436 F.3d at 216; *see also* Poplar Run, 192 B.R. at 857 ("A proceeding 'arises in' a Chapter 11 case when it is not based on any right expressly created by Title 11 but would have no practical existence but for the bankruptcy"). Clearly, the sale of property under state law could have taken place outside the confines of the bankruptcy court. The contract and deed documenting the sale transaction have meaning and effect outside the bankruptcy case; therefore, there is no "arising in" jurisdiction.

The only possible category here for jurisdiction is "related to" jurisdiction. The Third Circuit Court of Appeals devised a test for determining when "related to" jurisdiction exists. Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d. Cir. 1984). The Fourth Circuit in A.H. Robins, Co, Inc. v. Piccinin, 788 F.2d 994, 1002 n. 11 (4th Cir. 1986) adopted the Pacor test. The Supreme Court has acknowledged the Pacor test as follows:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy . . . . Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. **An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively)** <u>**and**</u> **which in any way impacts upon the handling and administration of the bankruptcy estate.**

Celotex Corp. v. Edwards, 514 U.S. 300, 308 n. 6 (1995)(quoting Pacor, 743 F.2d at 994)(emphasis added). The Supreme Court agreed with Pacor that "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters

4

connected with the bankruptcy estate . . ." Id. at 308. Moreover, "the 'related to' language of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simple proceedings involving the property of the debtor or the estate." Id. The Court, however, also agreed with Pacor that "a bankruptcy court's 'related to' jurisdiction cannot be limitless." Id.

As noted by Seascape in its well-written brief, some circuits have employed more rigorous standards than the Pacor test in determining whether jurisdiction exists in a post-confirmation context. State of Montana v. Goldin (In re Pegasus Gold Corp.), 394 F.3d 1189 (9th Cir. 2005); Resorts Int'l Fin., Inc. v. Price Waterhouse & Co., LLP (In re Resorts, Int'l, Inc.), 372 F.3d 154 (3d Cir. 2004); Bank of Louisiana v. Craig's Stores of Texas, Inc. (In re Craig's Stores of Texas, Inc.), 266 F.3d 388 (5th Cir. 2001); Pettibone Corp. v. Easley, 935 F.2d 120 (7th Cir. 1991). However, in New Horizon v. Jacobs, 231 F.3d 143, 154 (4th Cir. 2000), the Fourth Circuit held onto Pacor for addressing "related to" jurisdiction in a post-confirmation proceeding. Thus, the Pacor test is applicable here.

As noted above, one of the required prongs of the Pacor test for finding "related to" jurisdiction is that the action somehow impact upon the handling and administration of the bankruptcy estate. The assets subject to the contract and deed ceased to be property of the estate when they were sold. Moreover, any property retained by the estate re-vested in the debtor upon confirmation of the plan. 11 U.S.C. § 1141. Once the court confirmed the plan, the estate of the debtor ceased to exist. Fairfield Communities, Inc. v. Daleske (In re Fairfield Communities, Inc. ), 142 F.3d 1093, 1095 (8th Cir. 1998); Poplar Run, 192 B.R. at 858. The debtor's creditors were paid in full under the plan. The court entered a final decree finding that the debtor's plan had been substantially consummated. Prior to the debtor ever reopening the bankruptcy case, there was nothing more to do regarding the handling and administration of the bankruptcy estate.

5

The debtor now seeks the court to interpret the contract and deed documenting the sale of property at Wrightsville Beach. The court approved the sale transaction prior to confirmation of the plan in this case, but it had no hand in drafting the terms of the contract or deed. An interpretation of the contract and deed does not require this court to construe any of its orders or the confirmed plan. The effect and force of the contract and deed stand independently from the bankruptcy case. This is purely a matter of state contract law that has no bearing on the handling and administration of the bankruptcy estate.

The debtor contends that certain allegations have been made that the contract or deed are invalid. The debtor argues that, if the contract and deed are determined to be invalid and are rescinded, then this matter would affect the estate because the sale proceeds have already been distributed to creditors under the plan. The court finds that such a determination would not impact the handling and administration of the bankruptcy estate because bidding would simply resume on the property, and Seascape would receive a credit for its purchase price in the bidding process. None of the distributions to creditors under the plan would be disturbed. Accordingly, the court finds that there is no "related to" jurisdiction. Familiarity with the sale transaction alone is not enough to continue jurisdiction of this court.

As for provisions under the plan regarding the retention of jurisdiction, the court does not find them applicable to the proceeding at bar. However, even if a retention provision was applicable here, it cannot bestow jurisdiction on a court where jurisdiction is lacking. Resorts Int'l Financing, Inc. v. Price Waterhouse Co. (In re Resorts Int'l Inc.), 372 F.3d 154, 161 (3d. Cir. 2004)("Retention of jurisdiction provisions will be given effect, assuming there is bankruptcy court jurisdiction. But neither the bankruptcy court nor the parties can write their own jurisdictional ticket.").

The court also considers its limited authority under 11 U.S.C. § 1142 over post-confirmation

matters. Section 1142(b) states:

> The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.

11 U.S.C. § 1142(b). The debtor seeks the court to require Seascape to enter into a services agreement with the debtor. The court finds no authority under § 1142(b) to require not the mere execution but instead the drafting of a services agreement that was not formalized prior to the sale of the property and that was never dealt with in the plan. This court, following the Fourth Circuit standard, has found that section 1142(b) "'limits the authority of the court to matters concerning the implementation or execution of a confirmed plan' with the goal of achieving substantial consummation of the plan's provisions." In re Coastline Care, Inc., 299 B.R. 373, 378 (Bankr. E.D.N.C. 2003)(quoting Goodman v. Phillip R. Curtis Enters., Inc., 809 F.2d 228, 232 (4th Cir. 1987)). Here, five months before the debtor sought to reopen the case, the court entered a final decree concluding that substantial consummation had occurred. As the contract and deed stand independently from the plan and do not depend upon plan language for their force and effect, the court finds no authority under 11 U.S.C. § 1142 to authorize the relief requested.

Based on the foregoing, the court grants Seascape's motion to dismiss the case for lack of subject matter jurisdiction and post-confirmation authority. The motion to abstain, motion in limine, and motion to strike are moot based upon the court's ruling.

"END OF DOCUMENT"